## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| ACORN SEMI, LLC, | § | |
| | § | |
| *Plaintiff* | § | |
| | § | |
| v. | § | |
| | § | Case No. 2:19-CV-347-JRG |
| SAMSUNG ELECTRONICS CO., LTD.; | § | |
| SAMSUNG ELECTRONICS AMERICA, | § | **JURY TRIAL DEMANDED** |
| INC.; SAMSUNG SEMICONDUCTOR, | § | |
| INC.; AND SAMSUNG AUSTIN | § | |
| SEMICONDUCTOR, LLC, | § | |
| | § | |
| *Defendants*. | § | |

## PROTECTIVE ORDER

WHEREAS, Plaintiff Acorn Semi, LLC and Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., Samsung Semiconductor, Inc., and Samsung Austin Semiconductor, LLC (together, "Samsung"), hereafter referred to as "the Parties," believe that certain information that is or will be encompassed by discovery demands by the Parties in the above-captioned action involves the production or disclosure of trade secrets, confidential business information, or other proprietary information; and

WHEREAS, the Parties seek a protective order limiting disclosure thereof in accordance with Federal Rule of Civil Procedure 26(c) and consistent with the principles set forth in the Court's "Standing Order Regarding Pretrial Procedures in Civil Cases Assigned to Chief District Judge Rodney Gilstrap During the Present COVID-19 Pandemic" ("COVID-19 Standing Order");

THEREFORE, it is hereby stipulated among the Parties and ORDERED that:

1.  Each Party may designate as confidential for protection under this Order, in whole or in part, any document, information or material that constitutes or includes, in whole or in part, confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such document, information or material ("Protected Material").   Protected Material shall be designated by the Party producing it by affixing a legend or stamp on such document, information or material as follows: "CONFIDENTIAL," "RESTRICTED – ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE." The words "CONFIDENTIAL," "RESTRICTED – ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" shall be placed clearly on each page of the Protected Material (except deposition and hearing transcripts) for which such protection is sought.  For deposition and hearing transcripts, the words "CONFIDENTIAL" or "RESTRICTED – ATTORNEYS' EYES ONLY" shall be placed on the cover page of the transcript (if not already present on the cover page of the transcript when received from the court reporter) by each attorney receiving a copy of the transcript after that attorney receives notice of the designation of some or all of that transcript as "CONFIDENTIAL" or "RESTRICTED – ATTORNEYS' EYES ONLY."

2.  Any document produced under Patent Rules 2-2, 3-2, and/or 3-4 before issuance of this Order with the designation "Confidential" or "Confidential - Outside Attorneys' Eyes Only" or other appropriate confidentiality designation shall receive the same treatment as if designated "RESTRICTED – ATTORNEYS' EYES ONLY" under this Order, unless and until such document is redesignated to have a different classification under this Order.

3.      With respect to documents, information or material designated "CONFIDENTIAL," "RESTRICTED – ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" ("DESIGNATED MATERIAL"),[1] subject to the provisions herein and unless otherwise stated, this Order governs, without limitation: (a) all documents, electronically stored information, and/or things as defined by the Federal Rules of Civil Procedure; (b) all pretrial, hearing or deposition testimony, or documents marked as exhibits or for identification in depositions and hearings; (c) pretrial pleadings, exhibits to pleadings and other court filings; (d) affidavits; (e) discovery responses, including answers to interrogatories and to requests for admission; and (f) stipulations. All copies, reproductions, extracts, digests and complete or partial summaries prepared from any DESIGNATED MATERIALS shall also be considered DESIGNATED MATERIAL and treated as such under this Order.

4.      A designation of Protected Material (i.e., "CONFIDENTIAL," "RESTRICTED – ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE") may be made at any time. Inadvertent or unintentional production of documents, information or material that has not been designated as DESIGNATED MATERIAL shall not be deemed a waiver in whole or in part of a claim for confidential treatment. Such inadvertent or unintentional production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege or immunity for such information. Any party that inadvertently or unintentionally produces Protected Material without designating

---

[1] The term DESIGNATED MATERIAL is used throughout this Protective Order to refer to the class of materials designated as "CONFIDENTIAL," "RESTRICTED – ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE," both individually and collectively.

it as  DESIGNATED MATERIAL may request destruction of that Protected Material by notifying the recipient(s), as soon as reasonably possible after the producing Party becomes aware of the inadvertent or unintentional disclosure, and providing replacement Protected Material that is properly designated.  The recipient(s) shall then destroy all copies of the inadvertently  or  unintentionally  produced  Protected  Materials  and  any  documents, information or material derived from or based thereon.

5.      If information subject to a claim of attorney-client privilege, work-product immunity, or any other applicable claim of privilege or immunity is inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege or immunity for such information. Information subject to a claim of privilege or immunity must be returned as soon as it is discovered, without any need to show the production was inadvertent or unintentional. Upon request by the producing  Party,  the  receiving  Party  shall  immediately  return  all  copies  of  such document(s) or thing(s) and shall destroy any created derivative document such as a summary or comment on the inadvertently produced information. The receiving Party may move the Court for an Order compelling production of such information, but the motion shall not assert as a ground for production the fact or circumstances of the inadvertent or unintentional production. If a claim is disputed, the receiving Party shall not use or disclose a document or information for which a claim of privilege or immunity is made pursuant to this Paragraph for any purpose until the matter is resolved by agreement of the parties or by a decision of this Court.

6.      "CONFIDENTIAL" documents, information and material may be disclosed only to the following persons, except upon receipt of the prior written consent of the designating party,

upon order of the Court, or as set forth in paragraph 13 herein:

(a)     outside counsel of record in this Action for the Parties;

(b)     employees of such outside counsel assigned to and reasonably necessary to assist such counsel in the litigation of this Action;

(c)     in-house counsel for the Parties who either have responsibility for making decisions dealing directly with the litigation of this Action, or who are assisting outside counsel in the litigation of this Action;

(d)     up to and including six (6) designated representatives of each of the Parties whom is employed by or a manager of such Party and whom is actively engaged in assisting outside counsel with respect to this litigation, is not engaged in competitive decision making, and needs access to such information in order to assist in this litigation, and their support staff, provided however that disclosure to any person pursuant to this subpart must be reasonably necessary for the litigation of this Action, except that either party may in good faith request the other party's consent to designate one or more additional representatives, the other party shall not unreasonably withhold such consent, and the requesting party may seek leave of Court to designate such additional representative(s) if the requesting party believes the other party has unreasonably withheld such consent;

(e)     a reasonable number of outside consultants or experts (*i.e.*, not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this litigation, provided that:  (1) such consultants or experts are not presently employed by the Parties hereto for purposes other than this Action; (2) before access is given, the consultant or expert has completed the Undertaking attached as Exhibit A hereto and the same is served upon the producing Party with a current curriculum vitae of the consultant or expert at least ten (10) days before access to the Protected Material is to be given to that consultant or expert to object to and notify the receiving Party in writing that it objects to disclosure of Protected Material to the consultant or expert.  The Parties agree to promptly confer and use good faith to resolve any such objection.  If the Parties are unable to resolve any objection, the objecting Party may file a motion with the Court within fifteen (15) days of the notice, or within such other time as the Parties may agree, seeking a protective order with respect to the proposed disclosure. The objecting Party shall have the burden of proving the need for a protective order. No disclosure shall occur until all such objections are resolved by agreement or Court order;

(f)     independent litigation support services, including persons working for or as court reporters, graphics or design services, jury or trial consulting services, and photocopy, document imaging, and database services retained by counsel and reasonably necessary to assist counsel with the litigation of this Action;

(g)     any designated arbitrator or mediator who is assigned to hear this matter, and his

or her staff, who have signed the Undertaking attached hereto as Exhibit A; and

(h)     the Court and its personnel.

7.      A Party shall designate documents, information or material as "CONFIDENTIAL" only upon a good faith belief that the documents, information or material contains confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such documents, information or material.

8.      Documents, information or material produced pursuant to any discovery request in this Action, including but not limited to Protected Material designated as DESIGNATED MATERIAL, shall be used by the Parties only in the litigation of this Action and shall not be used for any other purpose.  Any person or entity who obtains access to DESIGNATED MATERIAL or the contents thereof pursuant to this Order shall not make any copies, duplicates, extracts, summaries or descriptions of such DESIGNATED MATERIAL or any portion thereof except as may be reasonably necessary in the litigation of this Action.  Any such copies, duplicates, extracts, summaries or descriptions shall be classified DESIGNATED MATERIALS and subject to all of the terms and conditions of this Order.

9.      To the extent a producing Party believes that certain Protected Material qualifying to be designated CONFIDENTIAL is so sensitive that its dissemination deserves even further limitation, the producing Party may designate such Protected Material "RESTRICTED – ATTORNEYS' EYES ONLY," or to the extent such Protected Material includes computer source code and/or live data (that is, data as it exists residing in a database or databases), and/or Detailed Process Flow or Recipe files, (collectively, "Source Code Material"), the producing Party may designate such Protected Material as "RESTRICTED

CONFIDENTIAL SOURCE CODE." The "RESTRICTED CONFIDENTIAL SOURCE CODE" designation also includes material obtained from a non-party pursuant to a Nondisclosure Agreement ("NDA"), that would fall under this designation, unless the non-party permits a different designation in writing.  "Detailed Process Flow" shall mean a chart, diagram, or other type of document (or set of documents) that describes in detail the specific steps in the manufacture of a finished wafer, including the order of steps, applicable tooling Recipes, types of materials, thickness of materials, properties of materials, and the manufacturing process for a specific integrated circuit. "Recipe" shall mean a document constituting or containing, whether in text, a chart, a diagram, or other manner of presentation of information, a description of the specific formula or recipe for configuring tools used in the manufacture of a finished wafer, including without limitation the order of steps, types of materials, thickness of materials, properties of materials, and the manufacturing process for a specific integrated circuit.

10.     For Protected Material designated RESTRICTED – ATTORNEYS' EYES ONLY, access to, and disclosure of, such Protected Material shall be limited to individuals listed in paragraphs 5(a-b) and (e-h).

11.     For Protected Material designated RESTRICTED CONFIDENTIAL SOURCE CODE, the following additional restrictions apply:[2]

(a)     Access to a Party's Source Code Material shall be provided only on "stand-alone" computer(s) (that is, the computer may not be linked to any network, including a local area network ("LAN"), an intranet or the Internet).    The stand-alone

---

[2] Consistent with the COVID-19 Standing Order, the Parties have separately agreed to modify, for the duration of this case, the in-person inspection procedures set forth in this Order for certain Source Code Materials.  The Parties have also separately consented in writing, consistent with the COVID-19 Standing Order and in accordance with Paragraphs 11(l) and (m) herein, that a limited number of electronic copies of certain Source Code Materials may be made by the receiving Party.

computer(s) may be connected to (i) a printer, or (ii) a device capable of temporarily storing electronic copies solely for the limited purposes permitted pursuant to paragraphs 11 (m and p) below.  Additionally, except as provided in paragraph 11(p) below, the stand-alone computer(s) may only be located at the offices of the producing Party's outside counsel;

(b)     The receiving Party shall make reasonable efforts to restrict its requests for such access to the stand-alone computer(s) to normal business hours, which for purposes of this paragraph shall be 9:00 a.m. through 5:00 p.m.  However, upon reasonable notice from the receiving party, the producing Party shall make reasonable efforts to accommodate the receiving Party's request for access to the stand-alone computer(s) outside of normal business hours. The receiving Party will be responsible for any costs accrued to make Source Code available outside normal business hours (i.e., 5:00 pm to 10:00 pm Mondays through Fridays and from 9:00 am to 5:00 pm on weekends and federal holidays). The Parties agree to cooperate in good faith such that maintaining the producing Party's Source Code Material at the offices of its outside counsel shall not unreasonably hinder the receiving Party's ability to efficiently and effectively conduct the prosecution or defense of this Action;

(c)     The source code computer(s) will be maintained in a secured room.  The receiving Party shall maintain a daily time log of the names of persons who enter the designated facility to view the materials and when they enter and depart.  The producing Party shall be entitled to have a person observe all entrances and exits from the viewing room, shall be entitled to monitor the printer connection to the source code computer(s), and shall also be entitled to a copy of the log upon request.  No electronic devices (including cell phones, PDAs, cameras, recordable or storage media (e.g., USB thumb drive, etc.), or computers (other than a notetaking laptop that cannot connect to the Internet and does not contain a webcam/camera) will be permitted inside the source code review room. A reviewer may not remove any printed copies of source code from the source code review room. A telephone and internet access will be provided in a room convenient to and near the source code review room; a reviewer shall be permitted to access the internet and use a personal cell phone in that room. If any individual inspecting Source Code seeks to take notes by hand, all such notes will be taken by hand in bound (spiral or other type of permanently bound) notebooks. No loose paper or other paper that can be used in a printer may be brought into the secure room. A reviewer may not copy portions of the Source Code into such notes. Any such notes must be marked on each page with "RESTRICTED CONFIDENTIAL SOURCE CODE." A reviewer of a receiving Party may not leave work product or other materials to which the receiving Party claims privilege in the room used to inspect the producing Party's Source Code or on a Producing Party's source code computer.

(d)     The producing Party shall notify the receiving party when the receiving party may first access  the producing Party's source code computer(s), recognizing that the

producing Party may require additional time to provide first access and any such request for a reasonable extension shall be granted by the receiving Party. The receiving Party will provide notice of ten (10) calendar days prior to the first time it seeks access to the receiving Party's source code computer(s) after the source code has been made available and need only provide three (3) days' notice any subsequent time it seeks access to the receiving Party's source code computer(s). Upon such notice by the receiving Party, the producing Party shall provide the receiving Party access to source code computer(s).

(e)    The receiving Party, at its own expense, may request that the producing Party install licensed software on a source code computer(s)to assist with review of the producing Party's Source Code , provided that such other software is necessary for the receiving Party to perform its review of the Source Code consistent with all of the protections herein. The receiving Party must provide the producing Party with appropriate access to such software tool(s) at least ten (10) days in advance of the date upon which the receiving Party wishes to have the additional software available for use on the source code computer(s). Timely requests for the installation of such software will not be unreasonably denied so long as the requested software is compatible with the operating system, and other software necessary to make the Source Code available for inspection, installed on a source code computer(s), does not side-step any of the security features enabled on a source code computer(s) (e.g., enable connection and use of USB thumb drives), and does not allow the receiving party to compile or otherwise alter the Source Code. The producing Party will install and confirm installation of said software on the source code computer(s)prior to the date the receiving Party seeks access. Supplemental requests for installation of additional licensed software, after the receiving Party first accesses the producing Party's Source Code, shall not be unreasonably denied notwithstanding such requests are subject to the five-business-day notice requirement (from the date of the supplemental request).

(f)    If printouts of Source Code Materials are requested by the receiving Party, the receiving Party shall notify the producing Party of the request in writing.  Upon such a written request, the producing Party shall, within three (3) business days, produce Bates numbered printouts of the requested Source Code Materials and/or object to the production as excessive, under the provisions of Paragraph 11(g), in writing (or other mutually-agreeable form) to the receiving Party.  The receiving Party shall not print Source Code in order to review blocks of Source Code elsewhere in the first instance, i.e., as an alternative to reviewing that Source Code electronically on the source code computer(s), as the parties acknowledge and agree that the purpose of the protections herein would be frustrated by printing portions of code for review and analysis elsewhere, and that printing is permitted solely to enable use of Source Code in filings, depositions, proceedings, contentions, expert reports, and related drafts and correspondence.

(g)    If the producing Party objects to the production of the requested Source Code

Material because the request is excessive, it shall state its objection within three (3) business days. For purposes of this Paragraph, printed portions of Source Code Material that exceed twenty (20) continuous pages or that exceed 100 pages or more of an entire Source Code Material software release shall be rebuttably presumed to be excessive and, upon objection, cannot be printed for a permitted purpose absent agreement of the producing Party, which shall not be unreasonably withheld, or an order from the Court. In the event of a dispute, the producing Party will maintain the printed Source Code Materials until the parties meet and confer, within three (3) business days of the objection being raised. If the parties cannot resolve the dispute, the receiving Party will raise it with the Court. Upon printing hard copies of any such portion of Source Code, the receiving Party shall log the location of the electronic file(s) from which each printout is made such that the electronic file(s) may be readily located on the source code computer(s).

(h)     The producing Party shall provide the receiving Party with information explaining how to start, log on to, and operate the stand-alone computer(s) in order to access the produced Source Code Material on the stand-alone computer(s);

(i)     The producing Party will produce Source Code Material in computer searchable format on the stand-alone computer(s) as described above;

(j)     Access to Protected Material designated RESTRICTED CONFIDENTIAL SOURCE CODE shall be limited to outside counsel and up to six (6) outside consultants or experts  (*i.e.*, not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this litigation and approved to access such Protected Materials pursuant to paragraph 5(e) above. A receiving Party may include excerpts of Source Code Material in a pleading, exhibit, expert report, discovery document, deposition transcript, other Court document, provided that the Source Code Documents are appropriately marked under this Order, restricted to those who are entitled to have access to them as specified herein, and, if filed with the Court, filed under seal in accordance with the Court's rules, procedures and orders;

(k)     To the extent portions of Source Code Material are quoted in a Source Code Document, either (1) the entire Source Code Document will be stamped and treated as  RESTRICTED CONFIDENTIAL SOURCE CODE or (2) those pages containing quoted Source Code Material will be separately stamped and treated  as RESTRICTED CONFIDENTIAL SOURCE CODE;

(l)     Unless agreed to by the Parties, no electronic copies of Source Code Material shall be made without prior written consent of the producing Party, except as necessary to create documents which, pursuant to the Court's rules, procedures and order, must be filed or served electronically;

(m)     The receiving Party shall be permitted to make no more than five printouts and

photocopies (or electronic copies, if permitted under paragraph 11(l)) of Source Code Material, all of which shall be designated, encrypted, tracked and clearly labeled "RESTRICTED CONFIDENTIAL SOURCE CODE," and the receiving Party shall maintain a log of all such files that are printed or photocopied;

(n)     Should such printouts or photocopies be transferred back to electronic media, such media shall be labeled "RESTRICTED CONFIDENTIAL SOURCE CODE" and shall continue to be treated as such;

(o)     If the receiving Party's outside counsel, consultants, or experts obtain printouts or photocopies (or electronic copies, if permitted under paragraph 11(l)) of Source Code Material, the receiving Party shall ensure that such outside counsel, consultants, or experts keep the printouts or photocopies or permitted electronic copies in a secured locked area in the offices of such outside counsel, consultants, or expert. The receiving Party may also temporarily keep the printouts or photocopies or permitted electronic copies at: (i) the Court for any proceedings(s) relating to the Source Code Material, for the dates associated with the proceeding(s); (ii) the sites where any deposition(s) relating to the Source Code Material are taken, for the dates associated with the deposition(s); and (iii) any intermediate location reasonably necessary to transport the printouts or photocopies or permitted electronic copies (e.g., a hotel prior to a Court proceeding or deposition); and

(p)     Unless agreed to by the Parties, a producing Party's Source Code Material may only be transported by the receiving Party at the direction of a person authorized under paragraph 11(j) above to another person authorized under paragraph 11(j) above, on paper or, to the extent permitted under this Order, encrypted removable electronic media (*e.g*., a DVD, CD-ROM, or flash memory "stick"), via hand carry, Federal Express or other similarly reliable courier.  Source Code Material may not be transported or transmitted electronically over a network of any kind, including a LAN, an intranet, or the Internet.  Source Code Material may only be transported electronically for the purpose of Court proceeding(s) or deposition(s) as set forth in paragraph 11(o) above and is at all times subject to the transport restrictions set forth herein. But, for those purposes only, the Source Code Materials may be loaded onto a stand-alone computer without prior consent from the producing Party.

12.     Any attorney representing a Party, whether in-house or outside counsel, and any person associated with a Party and permitted to receive the other Party's Protected Material that is designated RESTRICTED – ATTORNEYS' EYES ONLY and/or RESTRICTED CONFIDENTIAL SOURCE CODE (collectively "HIGHLY SENSITIVE MATERIAL"),

who obtains, receives, has access to, or otherwise learns, in whole or in part, the other Party's HIGHLY SENSITIVE MATERIAL under this Order shall not prepare, prosecute, supervise, or assist in the preparation or prosecution of any patent application pertaining to the field of the invention of the patents-in-suit on behalf of the receiving Party or its acquirer, successor, predecessor, or other affiliate during the pendency of this Action and for one year after its conclusion, including any appeals.  To ensure compliance with the purpose of this provision, each Party shall create an "Ethical Wall" between those persons with access to HIGHLY SENSITIVE MATERIAL and any individuals who, on behalf of the Party or its acquirer, successor, predecessor, or other affiliate, prepare, prosecute, supervise or assist in the preparation or prosecution of any patent application pertaining to the field of invention of the patent-in-suit.  Notwithstanding any other statement herein: (1) no one subject to the prosecution bar described in Section 12 of this Protective Order shall be prohibited from actively participating in an *inter partes* or post-grant review proceeding before the PTAB to defend the patentability of the claims in any of the patents-in-suit or any related patent, except that in those proceedings any person subject to the prosecution bar described in Section 12 may not prepare, prosecute, supervise, or assist in the preparation or prosecution of any amendment to any claim of the patents-in-suit or any related patent; and (2) the prosecution bar described in Section 12 shall not come into effect until such time that any person who would be subject to the prosecution bar actually obtains, receives, has access to, or otherwise learns, in whole or in part, the other Party's HIGHLY SENSITIVE MATERIAL.

13.   Nothing in this Order shall require production of documents, information or other material that a Party contends is protected from disclosure by the attorney-client privilege, the work

product doctrine, or other privilege, doctrine, or immunity.  If documents, information or other material subject to a claim of attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity is inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such privilege, doctrine, or immunity.  Any Party that inadvertently or unintentionally produces documents, information or other material it reasonably believes are protected under the attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity may obtain the return of such documents, information or other material by promptly notifying the recipient(s) and providing a privilege log for the inadvertently or unintentionally produced documents, information or other material.  The recipient(s) shall gather and return all copies of such documents, information or other material to the producing Party, except for any pages containing privileged or otherwise protected markings by the recipient(s), which pages shall instead be destroyed and certified as such to the producing Party.

14. There shall be no disclosure of any DESIGNATED MATERIAL by any person authorized to have access thereto to any person who is not authorized for such access under this Order. The Parties are hereby ORDERED to safeguard all such documents, information and material to protect against disclosure to any unauthorized persons or entities.

15. Nothing contained herein shall be construed to prejudice any Party's right to use any DESIGNATED MATERIAL in taking testimony at any deposition or hearing provided that the DESIGNATED MATERIAL is only disclosed to a person(s) who is: (i) eligible to have access to the DESIGNATED MATERIAL by virtue of his or her employment with the designating party, (ii) identified in the DESIGNATED MATERIAL as an author, addressee,

or copy recipient of such information, (iii) although not identified as an author, addressee, or copy recipient of such DESIGNATED MATERIAL, has, in the ordinary course of business, seen such DESIGNATED MATERIAL, (iv) a current or former officer, director or employee of the producing Party or a current or former officer, director or employee of a company affiliated with the producing Party; (v) counsel for a Party, including outside counsel and in-house counsel (subject to paragraph 9 of this Order); (vi) an independent contractor, consultant, and/or expert retained for the purpose of this litigation; (vii) court reporters and videographers; (viii) the Court; or (ix) other persons entitled hereunder to access to DESIGNATED MATERIAL. DESIGNATED MATERIAL shall not be disclosed to any other persons unless prior authorization is obtained from counsel representing the producing Party or from the Court.

16.   Parties may, at the deposition or hearing or within thirty (30) days after receipt of a deposition or hearing transcript, designate the deposition or hearing transcript or any portion thereof as "CONFIDENTIAL," "RESTRICTED – ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" pursuant to this Order. Access to the deposition or hearing transcript so designated shall be limited in accordance with the terms of this Order.   Until expiration of the 30-day period, the entire deposition or hearing transcript shall be treated as RESTRICTED - ATTORNEYS' EYES ONLY.

17.   Any DESIGNATED MATERIAL that is filed with the Court shall be filed under seal and shall remain under seal until further order of the Court. The filing party shall be responsible for informing the Clerk of the Court that the filing should be sealed and for placing the legend "FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER" above the caption and conspicuously on each page of the filing. Exhibits to a filing shall conform to

the labeling requirements set forth in this Order.  If a pretrial pleading filed with the Court, or an exhibit thereto, discloses or relies on confidential documents, information or material, such confidential portions shall be redacted to the extent necessary and the pleading or exhibit filed publicly with the Court.

18.    The Order applies to pretrial discovery.  Nothing in this Order shall be deemed to prevent the Parties from introducing any DESIGNATED MATERIAL into evidence at the trial of this Action, or from using any information contained in DESIGNATED MATERIAL at the trial of this Action, subject to any pretrial order issued by this Court.

19.    A Party may request in writing to the other Party that the designation given to any DESIGNATED MATERIAL be modified or withdrawn.  If the designating Party does not agree to redesignation within ten (10) days of receipt of the written request, the requesting Party may apply to the Court for relief.  Upon any such application to the Court, the burden shall be on the designating Party to show why its classification is proper.  Such application shall be treated procedurally as a motion to compel pursuant to Federal Rules of Civil Procedure 37, subject to the Rule's provisions relating to sanctions.   In making such application, the requirements of the Federal Rules of Civil Procedure and the Local Rules of the Court shall be met.   Pending the Court's determination of the application, the designation of the designating Party shall be maintained.

20.    Each outside consultant or expert to whom DESIGNATED MATERIAL is disclosed in accordance with the terms of this Order shall be advised by counsel of the terms of this Order, shall be informed that he or she is subject to the terms and conditions of this Order, and shall sign an acknowledgment that he or she has received a copy of, has read, and has agreed to be bound by this Order.  A copy of the acknowledgment form is attached as

Appendix A.

21.    To the extent that any discovery is taken of persons who are not Parties to this Action ("Third Parties") and in the event that such Third Parties contend the discovery sought involves trade secrets, confidential business information, or other proprietary information, then such Third Parties may agree to be bound by this Order.

22.    To the extent that discovery or testimony is taken of Third Parties, the Third Parties may designate as "CONFIDENTIAL" or "RESTRICTED – ATTORNEYS' EYES ONLY" any documents, information or other material, in whole or in part, produced or given by such Third Parties.  The Third Parties shall have ten (10) days after production of such documents, information or other materials to make such a designation.  Until that time period lapses or until such a designation has been made, whichever occurs sooner, all documents, information or other material so produced or given shall be treated as "CONFIDENTIAL" in accordance with this Order.

23.    Within thirty (30) days of final termination of this Action, including any appeals, all DESIGNATED MATERIAL, including all copies, duplicates, abstracts, indexes, summaries, descriptions, and excerpts or extracts thereof (excluding excerpts or extracts incorporated into any privileged memoranda of the Parties and materials which have been admitted into evidence in this Action), shall at the producing Party's election either be returned to the producing Party or be destroyed.  The receiving Party shall verify the return or destruction by affidavit furnished to the producing Party, upon the producing Party's request.

24.    The failure to designate documents, information or material in accordance with this Order and the failure to object to a designation at a given time shall not preclude the filing of a motion at a later date seeking to impose such designation or challenging the propriety

thereof.   The entry of this Order and/or the production of documents, information and material hereunder shall in no way constitute a waiver of any objection to the furnishing thereof, all such objections being hereby preserved.

25.     Any Party knowing or believing that any other party is in violation of or intends to violate this Order and has raised the question of violation or potential violation with the opposing party and has been unable to resolve the matter by agreement may move the Court for such relief as may be appropriate in the circumstances.  Pending disposition of the motion by the Court, the Party alleged to be in violation of or intending to violate this Order shall discontinue the performance of and/or shall not undertake the further performance of any action alleged to constitute a violation of this Order.

26.     Production of DESIGNATED MATERIAL by each of the Parties shall not be deemed a publication of the documents, information and material (or the contents thereof) produced so as to void or make voidable whatever claim the Parties may have as to the proprietary and confidential nature of the documents, information or other material or its contents.

27.     Nothing in this Order shall be construed to effect an abrogation, waiver or limitation of any kind on the rights of each of the Parties to assert any applicable discovery or trial privilege.

28.     Each of the Parties shall also retain the right to file a motion with the Court (a) to modify this Order to allow disclosure of DESIGNATED MATERIAL to additional persons or entities if reasonably necessary to prepare and present this Action and (b) to apply for additional protection of DESIGNATED MATERIAL.

**So ORDERED and SIGNED this 28th day of April, 2020.**

RODNEY  GILSTRAP
UNITED STATES DISTRICT JUDGE

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| ACORN SEMI, LLC, | § | |
| | § | |
| *Plaintiff* | § | |
| | § | |
| v. | § | |
| | § | Case No. 2:19-CV-347-JRG |
| SAMSUNG ELECTRONICS CO., LTD.; | § | |
| SAMSUNG ELECTRONICS AMERICA, | § | **JURY TRIAL DEMANDED** |
| INC.; SAMSUNG SEMICONDUCTOR, | § | |
| INC.; AND SAMSUNG AUSTIN | § | |
| SEMICONDUCTOR, LLC, | § | |
| | § | |
| *Defendants*. | § | |

**APPENDIX A
UNDERTAKING OF EXPERTS OR CONSULTANTS REGARDING
PROTECTIVE ORDER**

I, _____, declare that:

1.      My address is _____.

        My current employer is _____.

        My current occupation is _____.

2.      I have received a copy of the Protective Order in this action.  I have carefully read and

        understand the provisions of the Protective Order.

3.      I will comply with all of the provisions of the Protective Order.  I will hold in confidence,

        will not disclose to anyone not qualified under the Protective Order, and will use only for

        purposes of this action any information designated as "CONFIDENTIAL,"

        "RESTRICTED – ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL

        SOURCE CODE" that is disclosed to me.

4.      Promptly upon termination of these actions, I will return all documents and things

designated as  "CONFIDENTIAL," "RESTRICTED – ATTORNEYS' EYES ONLY,"

or "RESTRICTED CONFIDENTIAL SOURCE CODE" that came into my possession,

and all documents and things that I have prepared relating thereto, to the outside counsel

for the party by whom I am employed.

5.      I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the

Protective Order in this action.

I declare under penalty of perjury that the foregoing is true and correct.

Signature _____

Date _____