**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| ACORN SEMI, LLC, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO.  2:19-CV-00347-JRG |
| | § | |
| SAMSUNG ELECTRONICS CO., LTD., | § | |
| SAMSUNG ELECTRONICS AMERICA, | § | |
| INC.,  SAMSUNG SEMICONDUCTOR, | § | |
| INC.,  SAMSUNG AUSTIN | § | |
| SEMICONDUCTOR, LLC, | § | |
| | § | |
| *Defendants*. | § | |

**ORDER**

The Court held a hearing in the above-captioned matter on Thursday, March 11, 2021 regarding several pending motions and other matters. After review of the briefing, the Court heard argument from Plaintiff Acorn Semi, LLC ("Acorn") and Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., Samsung Semiconductor, Inc., and Samsung Austin Semiconductor, LLC (collectively, "Samsung") (together with Acorn, the "Parties") and ruled from the bench. This Order memorializes the Court's rulings as announced into the record, including additional instructions that were given to the Parties. While this Order summarizes the Court's rulings as announced into the record during the motions hearing, this Order in no way limits or constrains such rulings from the bench. Accordingly, it is hereby **ORDERED** as follows:

1.  **Samsung's Renewed Motion to Stay Pending Instituted *Inter Partes* Reviews (Dkt. No. 238)**

The Court **DENIED** this motion. After considering and weighing the relevant factors, *see NFC Techs. LLC v. HTC Am., Inc.*, Case No. 2:13-cv-1058-WCB, 2015 WL 1069111, at *2 (E.D. Tex. Mar. 11, 2015), the Court was not persuaded that a stay of this case is appropriate.

The first factor, prejudice to the non-movant, is neutral because a stay would not diminish any damages to which Acorn is entitled, but would merely delay the realization of those damages. *See Intellectual Ventures II LLC v. BITCO Gen. Ins. Corp.*, No. 6:15-cv-59, 2016 WL 4394485, at *2 (E.D. Tex. May 12, 2016).

The second factor, the stage of proceedings, weighs heavily against a stay. This case is in a particularly advanced stage, and a jury trial on the current schedule will have long concluded before the PTAB is likely to issue final written decisions. In contrast, a stay would significantly delay the resolution of the claims at issue. Given the complexity of the legal issues before the PTAB (including a prior art challenge pendent on application of 35 U.S.C. § 112), the possibility of further delays due to appeal is almost certain.

The third factor, issue simplification, also weighs against granting a stay, given Acorn's and Samsung's respective narrowing of their asserted claims and defenses. The Court and the PTAB are presented with separate issues, and there is no reason those issues cannot be adjudicated in parallel.

2.  **Redactions to Damages Reports in Advance of Mediation (Dkt. No. 250)**

The Court **OVERRULED** Samsung's objections and **ORDERED** that the damages expert reports be un-redacted as requested by Acorn. The Court was persuaded that the total number of Accused Wafers and the calculated Profit Per Wafer are figures that would facilitate an effective

mediation. Acorn's designated executive is permitted to view those figures in accordance with the Court's February 4, 2021 Order (Dkt. No. 229). This ruling does not affect other redactions in the damages reports, and the damages reports remain subject to the Protective Order (Dkt. No. 41) under their appropriate designations.

The Parties were directed to complete mediation within thirty (30) days, as was previously ordered by the Court.

**3.      Motion for Leave to Serve Supplemental Report of Dr. Edwin Piner (Dkt. No. 206)**

The Court **DENIED** this motion. The Court was persuaded that Acorn had not demonstrated good cause to supplement Dr. Piner's Opening Report. Dr. Piner's first supplemental report is not responsive to any late-produced evidence and is merely offered to respond to Dr. Bokor's Rebuttal Report. It is far too late for Acorn to offer new opinions for the purpose bolstering Dr. Piner's Opening Report, and a reopening of expert discovery, with "reply" and "sur-reply" reports on infringement, would unduly prejudice Samsung.

**4.      Motion for Leave to Serve Supplemental Report of Dr. Edwin Piner to Address Late-Produced Documents and Related Testimony (Dkt. No. 243)**

The Court **GRANTED-IN-PART** and **DENIED-IN-PART** this motion. The Court **STRUCK** paragraphs 25–32 and 41–49 from Dr. Piner's second supplemental report but allowed the remainder of the report to be served.

The Court was persuaded that paragraphs 25–32 and 41–49 offered new infringement opinions (like those in Dr. Piner's first supplemental report) and were not fairly responsive to any late-produced Samsung documents. Samsung withdrew its objections to paragraphs 1–24, 39, 50–74, 80–83, 87–99, and 102–128. The Court concluded that the remainder of the disputed

paragraphs fairly responded to late-produced Samsung documents and post-production witness testimony.

The Court **ORDERED** that Samsung has leave to serve a supplemental report from its own expert Dr. Bokor that is expressly limited to responding to Dr. Piner's supplemental report as allowed by the Court. The Court further **ORDERED** that Acorn and Samsung have leave to conduct targeted depositions, limited to no more than **two-and-a-half (2.5) hours** per deposition, and limited to addressing Dr. Piner's supplemental report and Dr. Bokor's supplemental rebuttal report. Service of Dr. Bokor's supplemental rebuttal report and the completion of the targeted depositions are to occur as soon as possible.

5.    **Motion for Leave to Supplemental the Expert Report of Stephen Dell to Address Late-Produced Documents and Related Testimony (Dkt. No. 273)**

The Court **GRANTED** this motion in accordance with the agreement of the Parties as announced into the record. Acorn is permitted to serve Mr. Dell's supplemental report and Samsung is permitted to serve a supplemental report from its damages expert, Mr. Meyer, expressly limited to responding to Mr. Dell's supplemental report. The Parties will conduct targeted depositions, limited to no more than **two-and-a-half (2.5) hours** per deposition, and limited to addressing Mr. Dell's supplemental report and Mr. Meyer's supplemental rebuttal report. Service of Mr. Meyer's supplemental rebuttal report and the completion of the targeted depositions are to occur as soon as possible.

**So ORDERED and SIGNED this 22nd day of March, 2021.**

_____

RODNEY  GILSTRAP
UNITED STATES DISTRICT JUDGE